IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MARK FITZHENRY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>USHEALTH GROUP, INC. and USHEALTH ADVISORS, LLC,<br><br>       Defendants. | Civil Action No. 2:15-cv-03062-DCN<br><br>**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION BY DEFENDANT USHEALTH GROUP, INC.** |

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant USHEALTH Group, Inc. ("UHG"), by and through the undersigned counsel, respectfully moves this Court to dismiss Plaintiff's Complaint against UHG because this Court lacks personal jurisdiction over UHG. In support of its Motion, UHG states the following:[1]

## LEGAL STANDARD

"When a court's personal jurisdiction is properly challenged by motion under Federal Rule of Civil Procedure 12(b)(2), the jurisdictional question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Mylan Labs., Inc. v. Azko, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993)). "The district court must resolve all factual disputes and draw all reasonable inferences arising from the proof in favor of the plaintiff." *ScanSource, Inc. v. Mitel Networks Corp.*, No. 6:11-CV-00382-GRA, 2011 WL 2550719, at *4 (D.S.C. June 24, 2011). In doing so, "the Court must also consider

---

[1] Pursuant to Local Civil Rule 7.04 DSC, a separate supporting memorandum is not being submitted because a full explanation of the motion is set forth herein and a separate memorandum would serve no useful purpose.

evidence provided by the defendant in support of its motion." *Id.* (citing *Harris v. Option One Mortg. Corp.*, 261 F.R.D. 98, 109 (D.S.C. 2009))."

## COMPLAINT ALLEGATIONS

Plaintiff Mark Fitzhenry ("Plaintiff") filed his Complaint against Defendants on August 4, 2015. (*See* Compl., ECF No. 1). In his Complaint, Plaintiff alleges that "[t]his court has personal jurisdiction over [UHG] because, as the companies are licensed to and do conduct the business of insurance in the State of South Carolina, they have established minimum contacts showing they purposefully availed themselves to the resources and protection of the State of South Carolina." (*Id.* at p. 2, ¶ 8). According to Plaintiff, UHG "delegated its marketing duties to agents such as [co-defendant] USHEALTH Advisors and Carlos Torres ('Mr. Torres') and ratified the conduct of USHEALTH Advisors by accepting the referrals and sales generated by the telemarketing calls on behalf of [UHG]." (*Id.* at p. 2, ¶ 4). None of these alleged facts are sufficient to establish personal jurisdiction over UHG.

## FACTS

Despite the allegations in the Complaint, Konrad H. Kober, who is Executive Vice President, Chief Administrative Officer of USG attests that: (1) UHG is a Delaware Corporation with its principal place of business in Fort Worth, Texas; (2) UHG is a separate and distinct entity from USHEALTH Advisors, LLC; (3) Each company has its own board of directors and holds separate directors' meetings; (4) Each company makes independent decisions without the approval of the other; (5) Each company employs separate accounting procedures and maintains separate books and records; (6) UHG has neither requested, initiated, nor facilitated calls to any residents of South Carolina; (7) UHG has never entered into a contract for the purpose of making telemarking calls to residents of South Carolina; (8) UHG is not licensed to do business

2

in the State of South Carolina and has not conducted any business transactions in the State of South Carolina.; (9) UHG has not attempted to procure or solicit business from any individual or business entity within the State of South Carolina; (10) UHG does not maintain any corporate offices or own property in the State of South Carolina; and (11) UHG does not does not maintain any corporate offices or own property in the State of South Carolina; (12) UHG does not have any bank accounts or employees in the State of South Carolina.[2]

## ARGUMENT AND LEGAL AUTHORITIES

**I.    THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANT USHEALTH GROUP, INC.**

Determining whether a court's jurisdiction over a defendant is proper begins by "(1) determining if the state's long-arm statute confers jurisdiction and (2) whether the exercise of jurisdiction, if authorized [by the state's long-arm statute], is consistent with the Due Process requirements of the Fourteenth Amendment." *Harris v. Option One Mortg. Corp.*, 261 F.R.D. 98, 109 (D.S.C. 2009). Because South Carolina's long-arm statute has been interpreted to extend personal jurisdiction to the "full reach of Due Process," courts analyzing personal jurisdiction under South Carolina law focus their inquiry on whether exercising personal jurisdiction is consistent with Due Process. *Id.; see also In re Celotex Corp.*, 124 F.3d 619, 627–28 (4th Cir. 1997). As a matter of due process, "[p]ersonal jurisdiction exists where a defendant has 'minimum contacts' with the forum 'such that . . . maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Dtex, LLC v. BBVA Bancomer, S.A.*, 405 F.Supp.2d 639, 644 (D.S.C. 2005) ("*Dtex*") (quoting *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 942 (4th Cir. 1994) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945))).

---

[2] Affidavit of Konrad H. Kober is attached hereto as **Exhibit A.**

These contacts must sufficiently demonstrate that the defendant is subject to either specific or general jurisdiction in South Carolina. *Id.* at 644; *Harris*, 261 F.R.D. at 109.

### A.     This Court Does Not Have Specific Jurisdiction Over USHEALTH Group, Inc.

The Fourth Circuit has held that, "[w]ith respect to specific jurisdiction, '[t]he touchstone . . . remains that an out-of-state person have engaged in some activity purposefully directed toward the forum state.'" *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 625 (4th Cir. 1997) ("*ESAB*") (quoting *Lesnick*, 35 F.3d at 945). "The contacts related to the cause of action must create a 'substantial connection' with the forum state, . . . [and] the defendant's actions must be directed at the forum state in more than a random, fortuitous, or attenuated way." *Id.*; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) ("[A] defendant will not be haled into a jurisdiction solely as a result of 'random,' fortuitous,' or 'attenuated' contacts . . . ."). And, "[a]lthough it has been argued that foreseeability of causing injury in another State should be sufficient to establish such contacts there when policy considerations so require, the [Supreme] Court has consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction." *Burger King*, 471 U.S. at 474 (citing *World– Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)); *see also ESAB*, 126 F.3d at 626 (holding that "[a]lthough the place that the plaintiff feels the alleged injury is plainly relevant to the [specific jurisdiction] inquiry, it must ultimately be accompanied by the defendant's own contacts with the state," and finding there was no in personal jurisdiction "[b]ecause those contacts in this case were too attenuated and insubstantial to provide a constitutionally sufficient basis for South Carolina courts to exercise . . . jurisdiction").

Here, Plaintiff cannot establish that the Court has specific jurisdiction over UHG. First, UHG has not engaged in any business activities purposefully directed towards South Carolina.

4

Indeed, contrary to Plaintiff's unsupported assertions, UHG has not contracted with any person or group for the purpose of making telemarketing calls to residents of South Carolina. (Kober Decl. ¶ 6). Moreover, UHG did not request, initiate, or facilitate alleged telephone calls to Plaintiff (or anyone else in South Carolina) for any purpose. (*Id.* ¶ 5). UHG is a separate and distinct corporate entity from USHEALTH Advisors, LLC. (*Id.* ¶ 4). In short, UHG certainly had no reason to believe it would be hauled into a South Carolina court simply because one of its corporate subsidiaries conducts business in the state. *See Gray v. Riso Kagaku Corp.*, No. 95– 1741,1996 WL 181488, at *3 (4th Cir. Apr. 17, 1996) (unpublished) (per curiam) ("[T]he mere fact that [the defendant's] subsidiaries do business in South Carolina does not confer personal jurisdiction over [the defendant]."); *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56 (4th Cir. 1993) (finding the district court did not have personal jurisdiction over foreign parent corporation solely because parent's third-tier subsidiary corporation conducted business in Maryland). Absent any evidence establishing a "substantial connection" between UHG and the State of South Carolina, this Court does not have personal jurisdiction over UHG.

### B.     This Court Does Not Have General Jurisdiction Over USHEALTH Group, Inc.

Similarly, Plaintiff cannot establish that this Court has general jurisdiction over UHG. General jurisdiction applies to defendants who have purposefully established "continuous and systematic" contacts in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Due Process precludes the exercise of general jurisdiction unless the plaintiff shows that the defendant has an "enduring relationship" with the forum state. *Dtex*, 405 F. Supp. 2d at 644 (citing *Brown v. Geha–Werke GmbH*, 69 F. Supp. 2d 770, 779 (D.S.C. 1999)); C*oggeshall v. Reprod. Endocrine Assocs. of Charlotte*, 655 S.E.2d 476, 479 (S.C. 2007) ("[G]eneral jurisdiction is based upon 'an enduring relationship' with the State.").

5

Because general jurisdiction justifies suit against a defendant on any cause of action, including one totally unrelated to the defendant's contacts with South Carolina, the defendant must have truly significant, meaningful contacts with the State. *See Cockrell v. Hillerich & Bradsby Co.*, 611 S.E.2d 505, 510 (S.C. 2005) ("These contacts must be 'so substantial and of such a nature as to justify suit against [the respondents] on causes of action arising from dealings entirely different from those activities.'") (quoting *Int'l Shoe Co.*, 326 U.S. at 318)). Here, Plaintiff has not and cannot allege any facts demonstrating that UHG has "systematic and continuous" contacts with the State of South sufficient to allow this Court to exercise general jurisdiction over UHG. (*See* Kober Aff. ¶¶ 4-10). Accordingly, this Court lacks personal jurisdiction over UHG.

WHEREFORE, Defendant USHEALTH Group, Inc. respectfully requests that this Court dismiss the Complaint against it for lack of personal jurisdiction.

                                  SOWELL GRAY STEPP & LAFFITTE, L.L.C.

                                  By:     s/Alexis K. Lindsay
                                           J. Calhoun Watson
                                           Fed. I.D. No.: 4794
                                           cwatson@sowellgray.com
                                           Alexis K. Lindsay
                                           Fed. I.D. No.: 11104
                                           alindsay@sowellgray.com
                                           1310 Gadsden Street (29201)
                                           Post Office Box 11449
                                           Columbia, South Carolina 29211
                                           (803) 929-1400 Telephone
                                           (803) 929-0300 Facsimile

                              **Attorneys for Defendant USHEALTH Group, Inc.**

Columbia, South Carolina
November 2, 2015