IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MARK FITZHENRY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>USHEALTH GROUP, INC. and USHEALTH ADVISORS, LLC,<br><br>　　　　　　　　　　Defendants. | NO. 2:15-cv-3062-DCN<br><br>**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANT USHEALTH GROUP, INC.**<br><br>Honorable David C. Norton |

**I.　　　　　　　　　　INTRODUCTION**

USHealth Group, Inc. ("UGI") seeks dismissal of Plaintiff's complaint on the ground that this Court lacks personal jurisdiction. UGI's attempt to shield itself from liability for the telemarketing conduct of USHealth Advisors, LLC ("UAL"), which it commissioned and directly participated in, including contacting the Plaintiff, is unavailing. UGI's specific involvement in the marketing activities that gave rise to the TCPA violations confer specific jurisdiction over UGI. In fact, as discussed below, following the illegal telemarketing call, the Plaintiff received an e-mail entitled, "Welcome to US Health Group", with an insurance quote that was issued by UGI. This interaction between the defendant and the plaintiff, in this form, is exactly the kind of "minimum contacts" requiring the defendant to defend its interests in this state envisioned through the applicable case law.

## II. STATEMENT OF FACTS

Plaintiff brought this action for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). UGI is a Delaware corporation, with a family of subsidiaries that offer life, health, accident and disability insurance solutions. Its principal place of business is 300 Burnett Street, Suite 200 in Fort Worth, TX 76102. Dkt. No. 1, (Complaint) at ¶ 13. UAL is also a Delaware limited liability company that partakes in a number of marketing duties for USHEALTH Group. Its principal place of business is 300 Burnett Street, Suite 300 in Fort Worth, TX 76102. UGI does business in South Carolina and throughout the United States. *Id.* at ¶ 12. UGI is legally responsible under the TCPA for ensuring that UAL's telemarketing activities comply with the TCPA, even if UGI do not make the calls themselves. *Id.* at ¶ 10.

On July 16, 2015, Plaintiff received a pre-recorded telemarketing call on his cellular telephone. *Id.* at ¶ 14-15. When the Plaintiff answered the phone, there was no one other the other line. The Plaintiff said hello into the telephone, and heard an audible click and a further delay. At that time, a pre-recorded message played, that message was automated and stated

> Hello. This message is for anyone interested in affordable health insurance coverage. If you are self-employed or one of the millions of people whose employer does not contribute to their health insurance coverage, press 1 now to speak with a live representative and get a free quote about affordable health insurance coverage where you choose your own doctors and hospitals. You can also choose to be deleted from this call list by pressing 9.

*Id.* at ¶ 15.

The Plaintiff eventually spoke with an individual, "Sarah", who asked him a few preliminary questions, including where Mr. Fitzhenry resided. *Id.* at ¶ 6. After learning that Mr. Fitzhenry resided in South Carolina, the call was then transferred the call to "our South Carolina

state agent". *Id.* at ¶ 17. At that point, the call was transferred to Carlos Torres, a registered UAL agent. *Id.* at ¶ 18. Mr. Torres is registered with the South Carolina Department of Insurance, and is only registered to offer Freedom Life Insurance Company products. *Id.* at ¶ 19. UGI is the brand name for products underwritten and issued by Freedom Life Insurance Company. *Id.* at ¶ 20. Mr. Torres asked the Plaintiff some further questions before attempting to have him purchase the "PPO Insurance Plan" provided by UGI. *Id.* at ¶ 24. Mr. Torres then e-mailed Mr. Fitzhenry more about the offer that he had made during the telemarketing calls. *Id.* at ¶ 25. Mr. Torres e-mail included a number of indications about UGI's involvement in the telemarketing call at issue:

- The e-mail included a subject line that stated "Welcome to USHEALTH Group."
- The e-mail included a number of marketing material attachments from USHEALTH Group.
- The e-mail included an attachment from UGI.

*Id.* at 26; Exhibits 1 and 2, as well as Exhibit 3, an affidavit from the plaintiff attesting to the accuracy of the same. As UGI informs visitors of their website, "USHEALTH Advisors is the marketing arm of USHEALTH Group." (*See* http://www.ushealthgroup.com/BecomeAnAgent.aspx) (Last Visited November 11, 2015)

### III. STATEMENT OF THE ISSUE

1. 1. Whether UGI's involvement in the marketing efforts that give rise to this litigation confers specific personal jurisdiction over UGI.

2. 2. In the alternative, whether Plaintiff is entitled to conduct jurisdictional discovery.

## IV. ARGUMENT AND AUTHORITY

Where a defendant challenges the court's exercise of personal jurisdiction, the plaintiff has the burden of proving facts necessary to support personal jurisdiction. *Sheppard v. Jacksonville Marine Supply, Inc.*, 877 F. Supp. 260, 264 (D. S.D. 1995). "[W]hen, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a *prima facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). The district court must resolve all factual disputes and draw all reasonable inferences in the plaintiff's favor. *ScanSource, Inc. v. Mitel Networks Corp.*, No. 6:11-CV-00382-GRA, 2011 WL 2550719, at *4 (D. S.C. June 24, 2011). A plaintiff's *prima facie* showing "must be based on affirmative proof beyond the pleadings, such as affidavits, testimony or other competent evidence of specific facts." *Asher & Simons, P.A. v. j2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 704 (D. Md. 2013) (quoting 4 Wright & Miller, FED. PRAC. PROC. CIV. § 1067.6).[1] If the plaintiff makes the requisite showing, the defendants then bear the burden of presenting a "compelling case" that the exercise of jurisdiction would be so unfair as to violate due process. *Burger King v. Rudzewicz*, 471 U.S. 462, 477–78 (1985). When reviewing a motion to dismiss for lack of personal

---

[1] The court may properly consider documents "attached to the complaint, as well those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem. Hosp.,* 572 F.3d 176, 180 (4th Cir.2009) (citations omitted). Additionally, facts and documents subject to judicial notice may be considered by a court, without converting the motion to a motion for summary judgment under Rule 12(d). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *Burt v. Maasberg*, No. 12-cv-0464, 2014 WL 1291834, at *11 (D. Md. Mar. 28, 2014).

jurisdiction, the court should consider the pleadings, affidavits, and other evidentiary materials before it without converting the motion to dismiss into a motion for summary judgment. *Magic Toyota v. Southeast Toyota Distributors*, 784 F. Supp. 306, 310 (D. S.C. 1992).

Whether personal jurisdiction is proper involves a two-part inquiry: (1) does the state's long-arm statute confer jurisdiction and (2) is the exercise of jurisdiction, if authorized, consistent with the Due Process requirements of the Fourteenth Amendment. *Base Metal Trading v. OJSC Novokuznetsky Aluminum Factory*, 283 F.3d 208, 213 (4th Cir. 2002). Since South Carolina's long-arm statute is coextensive with Due Process, the statutory and constitutional inquiries merge, and the court will focus on whether the exercise of jurisdiction over Defendant UGI comports with Due Process. *In re Celotex Corp.*, 124 F.3d 619, 627–28 (4th Cir. 1997). Jurisdiction over a nonresident defendant is appropriate if the defendant has "minimum contacts" with the forum, such that requiring the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3f 390, 397 (4th Cir. 2003). A defendant must have "'fair warning that a particular activity may subject [him] to the jurisdiction of a foreign sovereign.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring in judgment).

**A. This Court Has Specific Personal Jurisdiction Over UGI**

When evaluating whether specific jurisdiction is appropriate over UGI, this Court should consider following factors: (1) the extent to which UGI purposefully availed itself of the privilege of conducting business in South Carolina; (2) whether Plaintiff's claims arise out of

those activities directed at South Carolina; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).

This test is easily met. As an initial matter, UGI cannot escape the personal jurisdiction of this court based on the fact that it does not have a physical presence in South Carolina. *See Sheppard v. Jacksonville Marine Supply, Inc.*, 877 F.Supp. 260, 265 (D. S.C. 1995) (finding solicitation of business in South Carolina sufficient to confer personal jurisdiction). UGI's role in targeting South Carolina as a site for a USHealth Advisors telemarketing campaign and its participation in the marketing campaign that included the unsolicited robocalls Plaintiff received in violation of the TCPA is sufficient to show that UGI conducted business in South Carolina:

> The United States Supreme Court, the South Carolina Supreme Court, and the lower federal courts construing cases arising in South Carolina, have all held that a single contact with this state is sufficient to give the forum personal jurisdiction over the defendant when that contact gives rise to, or figures prominently in, the cause of action under consideration.

*Long v. Baldt*, 464 F. Supp. 269, 275 (D.S.C. 1979) (citing *McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957); *Hardy v. Pioneer Parachute Co.*, 531 F.2d 193 (4th Cir. 1976); *Ross v. American Income Life Ins.*, 232 S.C. 433 (1958). Here, the single contact with the Plaintiff is exemplified in his complaint in that UGI partnered with UAL to issue a quote for its insurance product to the Plaintiff. The e-mail that accompanied the quote, attached as <u>Exhibit 1</u>, stated:

- "Subject: Welcome to US Health Group"
- "We're very proud to work with US Health Group….to offer you this coverage."

Additionally, while the entire quote issued to the Plaintiff is attached as <u>Exhibit 2</u>, below are relevant excerpts:

- "Over 1 billion dollars in **CLAIMS PAID**." (emphasis in original). *Id.* at 2.
- "Our claims are processed in **LESS THAN 10 CALENDAR DAYS**" (emphasis in original) *Id*. The "our" includes a footnote that states, "2013 Analysis of Claims Processing Time by insurance subsidiaries of USHEALTH Group."
- Insurance coverage underwritten by: Freedom Life Insurance Company of America. A member company of USHEALTH Group®. *Id* at 28.

*Id.* These contacts with the Plaintiff, a South Carolina resident, are more than enough to establish that UGI has minimum contacts with South Carolina. The issuance of this quote is an action "purposely aimed toward the forum state" resulting in jurisdiction. *Hamburg Sudamerikanische Dampfschiffahrts-Gesellschaft KG v. Texport, Inc.*, 954 F. Supp. 2d 415, 423 (D.S.C. 2013).

Previously, this Court has considered a personal jurisdiction issue in South Carolina relating to a foreign corporation in *Fitzhenry v. One on One Mktg. LLC*, 2015 U.S. Dist. LEXIS 94393 (D.S.C. July 21, 2015). However, that case is readily distinguished as the Plaintiff was unable to impute the corporate contacts of the parent company co-defendant onto the subsidiary company. *Id*. at *10-11. In fact, in that matter, this Court stated, "Even a single contact with the forum state can constitute purposeful availment sufficient to satisfy due process requirements." *Id.* at *8. Here, as detailed above, the co-defendants both directly participated in the issuance of the quote that is the subject of UGI's activities into the forum state. There was nothing, "random, fortuitous, or attenuated" about the contact by UGI to the Plaintiff; their agent used telemarketing to solicit his insurance business, and as a result USI engaged in the issuance of their insurance quote, which was designed to obtain that business.

The second prong of the test is also satisfied here, and cannot be meaningfully disputed. Plaintiff's claims arose out of UGI's South Carolina-related activity. It was in response to the

Plaintiff's receipt of the unsolicited Robocall that he received the quote from UGI advertising its goods.

Finally, under the third-prong of the minimum contacts test, the exercise of personal jurisdiction over UGI is constitutionally reasonable. To satisfy this prong, litigation must not be "so gravely difficult and inconvenient" as to place the defendant at a "severe disadvantage in comparison to his opponent." *Burger* King, 471 U.S. at 476. Three other factors— the burden on UGI, the interests of South Carolina as the forum state, and the plaintiff's interest in obtaining relief— inform this reasonableness analysis. *CFA Institute*, 551 F.3d at 296. Here, the burden on UGI to defend itself in South Carolina is minimal, and certainly insufficient to defeat personal jurisdiction. *See id.* at 296 (finding that a corporation based in India's burden to litigate in Virginia was "no more substantial than that encountered by other entities that choose to transact business in Virginia"). As its website shows, UGI is a nearly billion dollar corporation that underwrites insurance products throughout the United States, including in South Carolina. Moreover, in the supporting declaration accompanying its motion to dismiss, UGI fails to explain how litigating in South Carolina imposes any undue burden.

Turning to the second factor, South Carolina possesses a substantial interest in having this lawsuit adjudicated in South Carolina. Plaintiff Fitzhenry, a South Carolina citizen, received an unsolicited robocall on behalf of UGI within the forum state. South Carolina has a valid interest in the resolution of the grievances of its citizens. Similarly, Plaintiff Fitzhenry possesses a valid and substantial interest in having his legal rights recognized and vindicated in South Carolina. As another Court in this District has stated, "More generally, [the Fourth Circuit's] reasonableness analysis is designed to ensure that jurisdictional rules are not exploited in such a way as to make

litigation so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent." *Hamburg Sudamerikanische Dampfschiffahrts-Gesellschaft KG v. Texport, Inc.*, 954 F. Supp. 2d 415, 421 (D.S.C. 2013). There is no exploitation present here, when the Plaintiff is bringing this putative class action suit for the telemarketing engaged in by the co-defendants, a result of which, the Plaintiff received contact from each of the co-defendants with insurance quotes for their goods.

**B. In the alternative, Plaintiff should be allowed to conduct jurisdictional discovery**

Should this Court find that Plaintiff failed to make a *prima facie* showing that personal jurisdiction over UGI is proper, Plaintiff respectfully requests that this Court continue the hearing on this motion to allow Plaintiffs to take jurisdictional discovery. "When the Plaintiff's claim does not appear frivolous, a district court should ordinarily allow discovery on jurisdiction in order to aid the Plaintiff in discharging the burden of establishing the court's jurisdiction." *Central Wesleyan College v. W.R. Grace & Co.,* 143 F.R.D. 628, 644 (D. S.C. 1992); *see also Blair v. CBE Group, Inc.*, No. 13-cv-134-MMA (WVG), 2013 WL 2029155, at *2–3 (S.D. Cal. May 13, 2013) (granting jurisdictional discovery because "at least some evidence exists that [defendant] directed its activities to residents of this District"). The Plaintiff has already served his jurisdictional discovery to UGI, as he did so concurrently while in receipt of their motion.

When evaluating F.R.C.P. 12 motions to dismiss in TCPA cases, trial courts have repeatedly recognized the difficulty of requiring a plaintiff to parse out the often complicated relationship among parent corporations, direct sellers, and third party dialers without first having the opportunity to conduct discovery. *See Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d

9

1292, 1302 (D. Nev. 2014) (finding that a plaintiff "need not plead the identity of every player in the alleged scheme nor every nuance of the relationships among the Defendants; indeed, the information necessary to connect all the players is likely in Defendants' sole possession."); *see also Charvat v. Allstate Corp*, -- F. Supp. 3d --, No. 13-C-7104, 2014 WL 866377, at *2 (N.D. Ill. Mar. 5, 2014) (finding defendant's argument that plaintiff's complaint was deficient "meritless because it is defendants, not plaintiff, who can reasonably be expected to know these facts" and stating that plaintiff was entitled to discovery on the issue of vicarious liability under *Dish*); *see also*, *In re Joint Petition filed by Dish Network, LLC,* 28 F.C.C.R. 6574, 6593 at n. 139 (2013) ("nothing in our ruling requires a consumer to prove at the time of their complaint (rather than reasonably allege) that a call was made on the seller's behalf"). Similar reasoning applies here, when UGI's insurance product is offered to the Plaintiff through a quote

## V.                                       CONCLUSION

For the foregoing reasons, Plaintiff Fitzhenry respectfully moves the Court to deny UGI's motion to dismiss for lack of personal jurisdiction. Specific jurisdiction exists over UGI based on UGI's targeted actions toward South Carolina through the issuance of an insurance quote to the Plaintiff. However, should this Court find that Plaintiff has not met his burden to demonstrate a *prima facie* case of personal jurisdiction, Plaintiff respectfully requests that this Court continue the hearing on the motion so that he may conduct jurisdiction-related discovery, which has already been served.

RESPECTFULLY SUBMITTED AND DATED this 12th day of November, 2015.

THE BOOZER LAW FIRM, LLC

By:  /s/ Lance S. Boozer
　　　Lance S. Boozer
　　　Email:  lsb@boozerlawfirm.com
　　　807 Gervais Street, Suite 203
　　　Columbia, South Carolina 29201
　　　Telephone:  (803) 608-5543
　　　Facsimile:  (803) 926-3463

　　　Edward A. Broderick
　　　Email:  ted@broderick-law.com
　　　BRODERICK LAW, P.C.
　　　99 High St., Suite 304
　　　Boston, Massachusetts  02110
　　　Telephone:  (617) 738-7080

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I, Lance S. Boozer, hereby certify that on November 12, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

DATED this 12th day of November, 2015.

THE BOOZER LAW FIRM, LLC

By:   /s/ Lance S. Boozer
      Lance S. Boozer
      Email: lsb@boozerlawfirm.com
      807 Gervais Street, Suite 203
      Columbia, South Carolina 29201
      Telephone: (803) 608-5543
      Facsimile: (803) 926-3463