IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

MARK FITZHENRY, individually and on
behalf of all others similarly situated,

                    Plaintiff,

          v.

USHEALTH GROUP, INC. and USHEALTH
ADVISORS, LLC,

                    Defendants.

NO. 2:15-cv-03062-DCN

**PLAINTIFF'S RESPONSE TO
MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION
OVER DEFENDANT USHEALTH
GROUP, INC.**

Honorable David C. Norton

## I.  INTRODUCTION

USHealth Group, Inc. ("UGI") seeks, for a second time, dismissal of Plaintiff's complaint on the ground that this Court lacks personal jurisdiction. UGI's attempt to shield itself from liability for the telemarketing conduct of USHealth Advisors, LLC ("UAL"), which it commissioned and directly participated in, including contacting the Plaintiff, is unavailing. UGI's detailed and clear involvement in the marketing activities that gave rise to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), violations confer specific jurisdiction over UGI. In fact, as discussed below, following the illegal telemarketing call, the Plaintiff received an e-mail entitled, "Welcome to US Health Group", with an insurance quote that was issued by UGI.

UGI issued the insurance quote into the forum state which is the genesis of this dispute. As discussed below, the Fourth Circuit has stated that in such circumstances, "[w]here activity in the forum state is 'the genesis of [the] dispute,' [jurisdiction] is easily satisfied." *See Grayson*

*Consulting, Inc. v. Cathcart*, 2013 U.S. Dist. LEXIS 174563 (D.S.C. Dec. 10, 2013) *quoting FA*

*Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 295 (4th Cir. 2009).

## II.  STATEMENT OF FACTS

Plaintiff brought this action for violations of the TCPA. UGI is a Delaware corporation, with a family of subsidiaries that offer life, health, accident and disability insurance solutions. Its principal place of business is 300 Burnett Street, Suite 200 in Fort Worth, TX 76102.  Dkt. No. 1, (Complaint) at ¶ 13.  UAL is also a Delaware limited liability company that partakes in a number of marketing duties for USHEALTH Group. Its principal place of business is 300 Burnett Street, Suite 300 in Fort Worth, TX 76102. UGI does business in South Carolina and throughout the United States.  *Id.* at ¶ 12. UGI is legally responsible under the TCPA for ensuring that UAL's telemarketing activities comply with the TCPA, even if UGI do not make the calls themselves. *Id.* at ¶ 10.

On July 16, 2015, Plaintiff received a pre-recorded telemarketing call on his cellular telephone.  *Id.* at ¶ 14-15.  When the Plaintiff answered the phone, there was no one other the other line. The Plaintiff said hello into the telephone, and heard an audible click and a further delay. At that time, a pre-recorded message played, that message was automated and stated

> Hello. This message is for anyone interested in affordable health insurance coverage.  If you are self-employed or one of the millions of people whose employer does not contribute to their health insurance coverage, press 1 now to speak with a live representative and get a free quote about affordable health insurance coverage where you choose your own doctors and hospitals.  You can also choose to be deleted from this call list by pressing 9.

*Id.* at ¶ 15.

The Plaintiff eventually spoke with an individual, "Sarah", who asked him a few preliminary questions, including where Mr. Fitzhenry resided. *Id.* at ¶ 6. After learning that Mr. Fitzhenry resided in South Carolina, the call was then transferred the call to "our South Carolina state

agent". *Id.* at ¶ 17. At that point, the call was transferred to Carlos Torres, a registered UAL

agent. *Id.* at ¶ 18. Mr. Torres is registered with the South Carolina Department of Insurance, and

is only registered to offer Freedom Life Insurance Company products. *Id.* at ¶ 19. UGI is the

brand name for products underwritten and issued by Freedom Life Insurance Company. *Id.* at ¶

20. Mr. Torres asked the Plaintiff some further questions before attempting to have him purchase

the "PPO Insurance Plan" provided by UGI. *Id.* at ¶ 24. Mr. Torres then e-mailed Mr. Fitzhenry

more about the offer that he had made during the telemarketing calls. *Id.* at ¶ 25. Mr. Torres e-

mail included a number of indications about UGI's involvement in the telemarketing call at

issue:

- The e-mail included a subject line that stated "Welcome to USHEALTH Group."
- The e-mail included a number of marketing material attachments from USHEALTH Group.
- The e-mail included an attachment from UGI.

*Id.* at 26; *See* Dkt. No. 18-1–18-3. As UGI informs visitors of their website, "USHEALTH

Advisors is the marketing arm of USHEALTH Group." (*See*

http://www.ushealthgroup.com/BecomeAnAgent.aspx) (Last Visited February 19, 2016)


## III.  STANDARD

Where a defendant challenges the court's exercise of personal jurisdiction, the plaintiff

has the burden of proving facts necessary to support personal jurisdiction. *Sheppard v.*

*Jacksonville Marine Supply, Inc.*, 877 F. Supp. 260, 264 (D. S.D. 1995).  "[W]hen, as here, the

court addresses the question on the basis only of motion papers, supporting legal memoranda and

the relevant allegations of a complaint, the burden on the plaintiff is simply to make a *prima*

*facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge."  *New*

*Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005).  The

district court must resolve all factual disputes and draw all reasonable inferences in the plaintiff's favor. *ScanSource, Inc. v. Mitel Networks Corp.*, No. 6:11-CV-00382-GRA, 2011 WL 2550719, at *4 (D. S.C. June 24, 2011). A plaintiff's *prima facie* showing "must be based on affirmative proof beyond the pleadings, such as affidavits, testimony or other competent evidence of specific facts." *Asher & Simons, P.A. v. j2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 704 (D. Md. 2013) (quoting 4 Wright & Miller, FED. PRAC. PROC. CIV. § 1067.6).[1] If the plaintiff makes the requisite showing, the defendants then bear the burden of presenting a "compelling case" that the exercise of jurisdiction would be so unfair as to violate due process. *Burger King v. Rudzewicz*, 471 U.S. 462, 477–78 (1985). When reviewing a motion to dismiss for lack of personal jurisdiction, the court should consider the pleadings, affidavits, and other evidentiary materials before it without converting the motion to dismiss into a motion for summary judgment. *Magic Toyota v. Southeast Toyota Distributors*, 784 F. Supp. 306, 310 (D. S.C. 1992).

Whether personal jurisdiction is proper involves a two-part inquiry: (1) does the state's long-arm statute confer jurisdiction and (2) is the exercise of jurisdiction, if authorized, consistent with the Due Process requirements of the Fourteenth Amendment. *Base Metal Trading v. OJSC Novokuznetsky Aluminum Factory*, 283 F.3d 208, 213 (4th Cir. 2002). Since South Carolina's long-arm statute is coextensive with Due Process, the statutory and constitutional inquiries merge, and the court will focus on whether the exercise of jurisdiction

---

[1] The court may properly consider documents "attached to the complaint, as well those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem. Hosp.,* 572 F.3d 176, 180 (4th Cir.2009) (citations omitted). Additionally, facts and documents subject to judicial notice may be considered by a court, without converting the motion to a motion for summary judgment under Rule 12(d). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *Burt v. Maasberg*, No. 12-cv-0464, 2014 WL 1291834, at *11 (D. Md. Mar. 28, 2014).

over Defendant UGI comports with Due Process. *In re Celotex Corp.*, 124 F.3d 619, 627–28 (4th Cir. 1997). Jurisdiction over a nonresident defendant is appropriate if the defendant has "minimum contacts" with the forum, such that requiring the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3f 390, 397 (4th Cir. 2003). A defendant must have "'fair warning that a particular activity may subject [him] to the jurisdiction of a foreign sovereign.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring in judgment).

## IV. ARGUMENT

### A. This Court Has Specific Personal Jurisdiction Over UGI

When evaluating whether specific jurisdiction is appropriate over UGI, this Court should consider following factors: (1) the extent to which UGI purposefully availed itself of the privilege of conducting business in South Carolina; (2) whether Plaintiff's claims arise out of those activities directed at South Carolina; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).

As stated in the Plaintiff's prior motion, the second prong of the test is satisfied here, and cannot be meaningfully disputed. Plaintiff's claims arose out of UGI's South Carolina-related activity. It was in response to the Plaintiff's receipt of the unsolicited Robocall in South Carolina, to a telephone number registered in South Carolina, that he received the quote from UGI advertising its goods.

Additionally, under the third-prong of the minimum contacts test, the exercise of personal jurisdiction over UGI is constitutionally reasonable. To satisfy this prong, litigation must not be

"so gravely difficult and inconvenient" as to place the defendant at a "severe disadvantage in comparison to his opponent." *Burger* King, 471 U.S. at 476. Three other factors— the burden on UGI, the interests of South Carolina as the forum state, and the plaintiff's interest in obtaining relief— inform this reasonableness analysis. *CFA Institute*, 551 F.3d at 296. Here, the burden on UGI to defend itself in South Carolina is minimal, and certainly insufficient to defeat personal jurisdiction. *See id.* at 296 (finding that a corporation based in India's burden to litigate in Virginia was "no more substantial than that encountered by other entities that choose to transact business in Virginia"). As its website shows, UGI is a nearly billion dollar corporation that underwrites insurance products throughout the United States, including in South Carolina. Moreover, in the supporting declaration accompanying its motion to dismiss, UGI fails to explain how litigating in South Carolina imposes any undue burden. Furthermore, UGI has retained the same counsel as UAL, who has already submitted to this Court's jurisdiction.

Turning to the second factor, South Carolina possesses a substantial interest in having this lawsuit adjudicated in South Carolina. Plaintiff Fitzhenry, a South Carolina citizen, received an unsolicited robocall on behalf of UGI within the forum state. South Carolina has a valid interest in the resolution of the grievances of its citizens. Similarly, Plaintiff Fitzhenry possesses a valid and substantial interest in having his legal rights recognized and vindicated in South Carolina. As another Court in this District has stated, "More generally, [the Fourth Circuit's] reasonableness analysis is designed to ensure that jurisdictional rules are not exploited in such a way as to make litigation so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent." *Hamburg Sudamerikanische Dampfschiffahrts-Gesellschaft KG v. Texport, Inc.*, 954 F. Supp. 2d 415, 421 (D.S.C. 2013). There is no exploitation present here, when the Plaintiff is bringing this putative class action suit for the

telemarketing engaged in by the co-defendants, a result of which, the Plaintiff received contact from each of the co-defendants with insurance quotes for their goods.

As a result, the only remaining inquiry relates to "the extent to which UGI purposefully availed itself of the privilege of conducting business in South Carolina." As this Court stated in its prior Order, "[e]ven a single contact with the forum state can constitute purposeful availment sufficient to satisfy due process requirements." *See* Doc. No. 27 at 7. This position is identical to the directive from the Fourth Circuit that a "single transaction is a sufficient contact to satisfy [due process] if it gives rise to the liability asserted in the suit." *Hardy v. Pioneer Parachute Co.*, 531 F.2d 193, 195 (4th Cir. 1976).

The single contact with the Plaintiff (which is occurred to have happened with numerous other South Carolina residents) is exemplified in the e-mail that accompanied the quote following the illegal pre-recorded phone call, which stated:

- "Subject: Welcome to US Health Group"
- "We're very proud to work with US Health Group….to offer you this coverage."

Additionally, while the entire quote issued to the Plaintiff has been previously submitted to the Court[2], below are relevant excerpts:

- "Over 1 billion dollars in **CLAIMS PAID**." (emphasis in original). *Id.* at 2.
- "Our claims are processed in **LESS THAN 10 CALENDAR DAYS**" (emphasis in original) *Id.* The "our" includes a footnote that states, "2013 Analysis of Claims Processing Time by insurance subsidiaries of USHEALTH Group."
- Insurance coverage underwritten by: Freedom Life Insurance Company of America. A member company of USHEALTH Group®. *Id* at 28.

*Id.* These contacts with the Plaintiff, a South Carolina resident, are more than enough to establish that UGI has minimum contacts with South Carolina. The issuance of this quote is an action

---

[2] *See* Dkt. No. 18-2.

"purposely aimed toward the forum state" resulting in jurisdiction. *Hamburg Sudamerikanische Dampfschiffahrts-Gesellschaft KG v. Texport, Inc.*, 954 F. Supp. 2d 415, 423 (D.S.C. 2013).

       In evaluating this first factor, this Court stated that the Plaintiff's prior motion, in advance of any discovery, did not address "UGH's own contacts within South Carolina but rather seems to impute Advisor's actions to UHG." *See* Doc. No. 27 at 9. However, it is the issuance of this quote by UGI that is the "single contact" Plaintiff needs to subject UGI to this Court's jurisdiction. While UGI contends it "had no reason to believe it would be hauled into a South Carolina court"[3], it is incorrect. The issuance of the quote to the Plaintiff by UGI, following the illegal telemarketing call by its wholly owned subsidiary, is the genesis of this dispute. In such circumstances, UGI is subject to this Court's jurisdiction. As the Fourth Circuit has stated, "[w]here activity in the forum state is 'the genesis of [the] dispute,' this prong is easily satisfied." *See Grayson Consulting, Inc. v. Cathcart*, 2013 U.S. Dist. LEXIS 174563 (D.S.C. Dec. 10, 2013) *quoting FA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 295 (4th Cir. 2009)

       Furthermore, UGI's own relationship with UAL is the only reason why the conduct complained of occurred. It is UGI that permitted UAL to use its trademark in order to solicit business for UGI. In fact, as recognized by the jurisdictional discovery permitted by this Court, UAL was created with an eye toward paying dividends to UGI. *See* Dkt. No. 30-2 at 2. UAL is a wholly owned subsidiary of UGI[4], and, based on the conduct directed at the Plaintiff, and this forum state, simply appears to be the marketing arm of the company that is tasked with creating new business for UGI and employed illegal telemarketing in order to comply with that directive. UAL simply did what UGI told it to do, market UGI's products. *See*

_____

[3] *See* Dkt. No. 30 at 6.
[4] *Id*.

- 8 -

http://www.ushealthgroup.com/BecomeAnAgent.aspx) (Last Visited February 19, 2016)
"USHEALTH Advisors is the marketing arm of USHEALTH Group."

UGI cannot escape the personal jurisdiction of this court based on the fact that it does not have a physical presence in South Carolina. *See Sheppard v. Jacksonville Marine Supply, Inc.*, 877 F.Supp. 260, 265 (D. S.C. 1995) (finding solicitation of business in South Carolina sufficient to confer personal jurisdiction). Much of the fact section in the brief submitted by UGI focuses on their lack of physical presence, but this is not a dispositive fact.

UGI's role in targeting South Carolina as a site for a USHealth Advisors telemarketing campaign and its participation in the marketing campaign that included the unsolicited robocalls Plaintiff received in violation of the TCPA is sufficient to show that UGI conducted business in South Carolina.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of March, 2016.

THE BOOZER LAW FIRM, LLC


By:    /s/ Lance S. Boozer
        Lance S. Boozer
        Email:  lsb@boozerlawfirm.com
        807 Gervais Street, Suite 203
        Columbia, South Carolina 29201
        Telephone:  (803) 608-5543
        Facsimile:  (803) 926-3463

        Edward A. Broderick
        Email:  ted@broderick-law.com
        BRODERICK LAW, P.C.
        99 High St., Suite 304
        Boston, Massachusetts  02110
        Telephone:  (617) 738-7080

*Attorneys for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

I, Lance S. Boozer, hereby certify that on March 2, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

DATED this 2nd day of March, 2016.

THE BOOZER LAW FIRM, LLC


By:    /s/ Lance S. Boozer
        Lance S. Boozer
        Email: lsb@boozerlawfirm.com
        807 Gervais Street, Suite 203
        Columbia, South Carolina 29201
        Telephone:  (803) 608-5543
        Facsimile:  (803) 926-3463